UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------X
Federal Home Loan Mortgage Corporation,
as Trustee for the benefit of the Freddie Mac
Seasoned Credit Risk Transfer Trust, Series
2019-4,
                Plaintiff,                CIVIL ACTION NO.:

v.

Anthony Fleury; and Natalie Fleury,
Executrix of the Estate of Natalie T. DeCosta,
                Defendants,
and

United States Department of Justice,
                Party-In-Interest.
---------------------------------------------X

## COMPLAINT

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation ("FHLMC"), as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-4 ("Trust"), by and through its attorneys, Doonan, Graves & Longoria, LLC, hereby files this judicial foreclosure Complaint with respect to the property located at 17 B Street, Chelmsford, MA 01824 (the "Property"). FHLMC advances the complaint by alleging the following:

## PARTIES

1. FHLMC is a United States corporation chartered by an Act of Congress organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, et seq., with its principal place of business located at 1551 Park Run Drive, McLean, VA 22102.

2. FHLMC brings this action in its capacity as the Trustee of the Trust.

Federal Home Loan Mortgage Corporation, as Trustee v. Anthony Fleury, et al.
17 B Street, Chelmsford, MA
DG&L File No. 57415                1

3. Anthony Fleury is an individual who, upon information and belief, currently resides at 17 B Street, Chelmsford, MA 01824.

4. Natalie Fleury, Executrix of the Estate of Natalie T. DeCosta, is an individual who, upon information and belief, currently resides at 1 Smith Street, Apt. A114, Chelmsford, MA 01824.

5. The United States Department of Justice ("DOJ") is a federal executive department of the United States government with its headquarters located at the Robert F. Kennedy Department of Justice Building, 950 Pennsylvania Avenue NW, Washington, D.C., 20530.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action under 12 U.S.C. § 1452(c)(7), which provides FHLMC with the power to "sue and be sued, complain and defend, in any State, Federal, or other court."

7. This Court also has subject matter jurisdiction over this action on the basis of diversity of citizenship, 28 U.S.C. § 1332(a)(1), because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.

8. It is undisputed that FHLMC is a citizen of Virginia for the purposes of establishing the Court's diversity jurisdiction.

9. Further, the Defendants are both residents of Massachusetts.

10. Thus, there is complete diversity of citizenship amongst the Parties.

11. Additionally, the amount in controversy exceeds the $75,000.00 jurisdictional threshold because the object of this litigation is the mortgage loan, currently owned by FHLMC,

and the total amount owed thereunder is in excess of $113,768.06 plus attorney fees and costs associated with the instant action and foreclosure.

12. In determining the amount in controversy in actions seeking declaratory relief regarding a mortgagee's right to foreclosure, the First Circuit has also expressed a preference for the "face-value-of-the-loan rule."[1]

13. Here, the mortgage loan at issue has a face value of $100,000.00.[2]

14. Further, the subject mortgage loan was secured by the Property, which is valued at approximately $400,000.00.

15. Thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.00 dollars.

16. The presence of the United States as a Party-in-Interest does not destroy the Court's diversity jurisdiction.[3]

17. Pursuant to 28 U.S.C. § 2410(a)(2), "the United States may be named as a party in any civil action or suit in any district court…to foreclose a mortgage or other lien upon…real or personal property in which the United States has or claims a mortgage or other lien."

18. Accordingly, 28 U.S.C. § 2410 "waives sovereign immunity for, among other things, 'civil action[s] . . . to foreclose a mortgage or other lien.'"[4]

19. Under 28 U.S.C. § 2410, in circumstances where a mortgagee seeks to foreclose a mortgage loan secured by real property upon which the United States holds a junior lien, the foreclosing mortgagee must seek a judicial sale.[5]

---

[1] *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012).
[2] *See* Exhibits A, B (true and correct copies of the Note and Mortgage are attached hereto and incorporated herein).
[3] *See Bautista Cayman Asset Co. v. Asociacion de Miembros de la Policia de P.R.*, 17 F.4th 167, 171 (1st Cir. 2021).
[4] *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911, 913 (8th Cir. 2023)(quoting 28 U.S.C. § 2410(a)(2)).
[5] *Id.*; 28 U.S.C. § 2410(c).

20. The First Circuit has held that, where diversity of citizenship otherwise exists amongst the non-governmental parties, 28 U.S.C. § 2410 allows the United States to be joined to a foreclosure suit without destroying diversity jurisdiction over the rest of the suit.[6]

21. Here, on April 15, 2014, the DOJ recorded a Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("Restitution Lien") on title to the Property, which is recorded with the Middlesex County (Northern District) Registry of Deeds in Book 28112, Page 212.[7]

22. Because the DOJ holds a lien on the Property, FHLMC is required to seek a judicial sale in order to foreclose the subject mortgage loan in accordance with 28 U.S.C. § 2410(c).

23. Where, as here, the amount in controversy is satisfied and there is diversity of citizenship amongst the Plaintiff and the Defendants, this Court has subject matter jurisdiction over the instant action notwithstanding the presence of the DOJ as a Party-in-Interest.[8]

24. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to FHLMC's claims transpired in Massachusetts and the Property is located in Massachusetts.

## FACTUAL ALLEGATIONS

25. On September 29, 2006, Natalie T. DeCosta executed and delivered a Promissory Note in the amount of $100,000.00 in favor of Washington Mutual Bank, FA ("WAMU"), ("DeCosta Note").[9]

26. FHLMC as Trustee of the Trust is the true and lawful holder/owner of the DeCosta Note.

---

[6] *See Bautista Cayman Asset Co.*, 17 F.4th at 171 (citing *Pacific Mut. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Chicago*, 642 F.Supp. 163, 166-68 (N.D.Ill. 1986).
[7] *See* Exhibit C (a true and correct copy of the Restitution Lien is attached hereto and incorporated herein).
[8] *See Bautista Cayman Asset Co.*, 17 F.4th at 171; *Pacific Mut. Life Ins. Co.*, 642 F.Supp. at 166-68.
[9] *See* Exhibit A.

27. To secure the debt evidenced by the DeCosta Note, Natalie T. DeCosta gave a Mortgage on the Property to WAMU, dated September 29, 2006, and recorded with the Middlesex County (Northern District) Registry of Deeds in Book 20575, Page 128 ("DeCosta Mortgage").[10]

28. Natalie T. DeCosta passed away on February 24, 2007.[11]

29. On May 7, 2007, Natalie Fleury was appointed as Executrix of the Estate of Natalie T. DeCosta by the Massachusetts Probate and Family Court.[12]

30. On or about July 29, 2008, the United States District Court entered a judgment against Thomas E. Fleury, Sr. in Criminal Action No. 07-CR-10377-002-DPW.[13]

31. On May 24, 2013, the DeCosta Mortgage was assigned to JP Morgan Chase Bank, National Association by virtue of an Assignment of Mortgage recorded with the Middlesex County (Northern District) Registry of Deeds in Book 27331, Page 290 ("JP Morgan Assignment").[14]

32. The criminal judgment resulted in a Restitution Lien held by the DOJ, which was recorded on title to the Property in the Middlesex County (Northern District) Registry of Deeds in Book 28112, Page 212.[15]

33. On September 4, 2014, the DeCosta Mortgage was further assigned to Bayview Loan Servicing, LLC by virtue of an Assignment of Mortgage recorded with the Middlesex

---

[10] *See* Exhibit B.
[11] See Exhibit D (a true and correct of Natalie T. DeCosta's Death Certificate is attached hereto and incorporated herein).
[12] *See* Exhibit E (a true and correct copy of Decree appointing Natalie Fleury as Executrix of the Estate of Natalie T. DeCosta is attached hereto and incorporated herein).
[13] *See* Exhibit C.
[14] *See* Exhibit F (a true and correct copy of the JP Morgan Assignment is attached hereto and incorporated herein).
[15] *See* Exhibit C.

County (Northern District) Registry of Deeds in Book 28472, Page 259 ("Bayview Assignment").[16]

34. The Property was conveyed to Anthony Fleury by virtue of a Massachusetts Quitclaim Deed dated November 6, 2014, and recorded with the Middlesex County (Northern District) Registry of Deeds in Book 28805, Page 237.[17]

35. The terms of the DeCosta Mortgage Loan were modified by virtue of a Loan Modification Agreement dated September 28, 2015, and recorded with the Middlesex County (Northern District) Registry of Deeds in Book 29680, Page 208.[18]

36. Under the Loan Modification Agreement, the Defendant, Anthony Fleury, agreed to assume personal liability for the debt owed under the terms of the DeCosta Mortgage Loan.[19]

37. The servicing of the DeCosta Mortgage was transferred to SPS effective as of February 16, 2019.[20]

38. On March 7, 2019, the DeCosta Mortgage was further assigned to Select Portfolio Servicing, Inc. ("SPS") by virtue of an Assignment of Mortgage recorded with the Middlesex County (Northern District) Registry of Deeds in Book 32813, Page 136 ("SPS Assignment").[21]

39. The Defendant defaulted under the terms of the DeCosta Mortgage Loan, as modified, as a result of his failure to make the July 1, 2022, payment and all subsequent payments due thereunder.

---

[16] See Exhibit G (a true and correct copy of the Bayview Assignment is attached hereto and incorporated herein).
[17] See Exhibit H (a true and correct copy of the Quitclaim Deed is attached hereto and incorporated herein).
[18] See Exhibit I (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).
[19] See Exhibit I ¶ 3.
[20] See Exhibit J (a true and correct copy of the Notice of Servicing Transfer is attached hereto and incorporated herein).
[21] See Exhibit K (a true and correct copy of the SPS Assignment is attached hereto and incorporated herein).

40. As a result of his default, on June 28, 2023, SPS sent Anthony Fleury a 90-Day Notice of Right to Cure Your Mortgage Default ("Notice of Right to Cure") and a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A, 35B and the applicable terms of the DeCosta Mortgage Contract.[22]

41. The Defendant failed to cure his default and, as a result, on October 5, 2023, SPS referred the delinquent DeCosta Mortgage Loan to the offices of Doonan, Graves & Longoria, LLC ("DG&L") for foreclosure.

42. On November 29, 2023, the DeCosta Mortgage was further assigned to FHLMC as Trustee for the Trust by virtue of an Assignment of Mortgage recorded with the Middlesex County (Northern District) Registry of Deeds in Book 38221, Page 171 ("FHLMC Assignment").[23]

43. On December 18, 2024, a search of the Defense Manpower Data Center showed that neither Anthony Fleury nor Natalie Fleury are on active duty with the United States Military.[24]

## COUNT I
## BREACH OF CONTRACT

44. FHLMC repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

45. The DeCosta Mortgage Loan Contract, as modified, represents a binding, enforceable agreement between the Parties thereto.[25]

46. The Defendant, Anthony Fleury agreed to assume personal liability for the debt owed under the terms of the DeCosta Mortgage Loan Contract.[26]

---

[22] *See* Exhibit L (a true and correct copy of the Notice of Right to Cure is attached hereto and incorporated herein).
[23] *See* Exhibit M (a true and correct copy of the FHLMC Assignment is attached hereto and incorporated herein).
[24] *See* Exhibit N (a true and correct copy of the Search Results from the Department of Defense Manpower Data Center is attached hereto and incorporated herein).
[25] *See* Exhibits A, B & I.

47. The Defendant, Anthony Fleury, defaulted under the terms of the DeCosta Mortgage Loan Contract, as modified, as a result of his failure to make the July 1, 2022, payment and all subsequent payments due thereunder.

48. As a result of his default, Anthony Fleury is in breach of the DeCosta Mortgage Loan Contract.

49. Injustice can only be avoided by awarding damages and interest, plus costs and expenses including attorney's fees.

## COUNT II
## SERVICEMEMBERS CIVIL RELIEF ACT

50. FHLMC repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. A search of the Department of Defense Manpower Data Center online records, conducted on December 18, 2024, indicates that the Defendants are not currently on active duty with the United States Military.[27]

52. Accordingly, the Defendants are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *(et seq)*.

53. FHLMC is entitled to a Judgment determining that the Defendants are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *(et seq)*.

## COUNT III
## CONDITIONAL JUDGMENT

54. FHLMC repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. The Defendant is in default under the terms of the DeCosta Mortgage Loan Contract as a result of his failure to make the July 1, 2022, payment and all subsequent payments due thereunder.

---

[26] *See* Exhibit I at ¶ 3.
[27] *See* Exhibit N.

56. The Defendant's default constitutes a material breach of the DeCosta Mortgage Loan Contract.[28]

57. FHLMC is the assignee of record of the DeCosta Mortgage.[29]

58. FHLMC is the holder/owner of the DeCosta Note.[30]

59. As a result of the Defendant's default, FHLMC is entitled to foreclose the DeCosta Mortgage Loan by sale of the Property.[31]

60. Pursuant to G.L. c. 244, §§ 3 & 11, this Court should enter a Conditional Judgment in favor of FHLMC authorizing it to sell the Defendants' interest in the Property pursuant to the statutory power of sale incorporated into the DeCosta Mortgage Contract.[32]

## COUNT IV
## FORECLOSURE BY EXERCISE OF THE STATUTORY POWER OF SALE

61. FHLMC repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. FHLMC alleges of information and belief that the Defendants and the DOJ are the only parties holding an equity of redemption in the Property covered by the DeCosta Mortgage so far as it appears in the Middlesex County (Northern District) Registry of Deeds and as known to FHLMC.

63. The DeCosta Mortgage incorporates the statutory power of sale, found at G.L. c. 183, § 21, by reference.[33]

64. The Defendant is in default under the terms of the DeCosta Mortgage Loan Contract, as modified, as a result of his failure to satisfy his payment obligations thereunder.

---

[28] *See* Exhibits A, B & I.
[29] *See* Exhibit M.
[30] *See* Exhibit A.
[31] *See* Exhibit B at 11 ¶ 22.
[32] *See id.*
[33] *See id.*

65. Pursuant to G.L. c. 183, § 21, as incorporated within the terms of the DeCosta Mortgage, upon the entry of a Conditional Judgment in its favor, FHLMC seeks to proceed with a foreclosure sale of the Defendants' interest in the Property due to their default.

66. Pursuant to G.L. c. 244, § 11, upon entering a conditional judgment in favor of FHLMC, the Court should order the Defendants' interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21.

## COUNT V
## DEFICIENCY JUDGMENT

67. FHLMC repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

68. FHLMC has established each of the essential elements with respect to the Defendant, Anthony Fleury's breach of the DeCosta Mortgage Loan Contract.

69. The total debt owed under the terms of the DeCosta Mortgage Loan through December 12, 2024, is $113,768.06 plus attorney's fees and costs associated with the instant judicial foreclosure action, which continue to accrue.

70. Upon completion of the foreclosure sale, FHLMC will be entitled to a Deficiency Judgment for the total debt owed under the terms of the DeCosta Mortgage Loan Contract, less the price paid at FHLMC's foreclosure sale of the Property.

## COUNT VI
## POSSESSION

71. FHLMC repeats and re-alleges paragraphs 1 through 70 as if fully set forth herein.

72. All of the Defendants' right, title and interest in the Property will be terminated upon the foreclosure of the mortgage and execution of the Memorandum of Sale Contract at FHLMC's anticipated foreclosure sale.

73. Accordingly, the Defendants' right to possession of the Property will be terminated upon FHLMC's lawful foreclosure of the DeCosta Mortgage Loan.

74. FHLMC, its successors or assigns, will be entitled to Judgment for Possession of the Property upon the completion of its foreclosure sale and subsequent report of the results of the same.

WHEREFORE, FHLMC requests that this Court:

1. Ener a Judgment in favor of FHLMC determining that the Defendant is in breach of the DeCosta Mortgage Loan Contract;

2. Enter a Judgment in favor of FHLMC that the Defendants are not entitled to the benefit of the Servicemembers Civil Relief Act;

3. Enter a Conditional Judgment in favor of FHLMC pursuant to G.L. c. 244, §§ 3 & 11;

4. Order the Defendants' interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21 as incorporated within the terms of the DeCosta Mortgage Contract;

5. Enter a Deficiency Judgment in favor of FHLMC for the total debt owed under the terms of the DeCosta Mortgage Loan less the price paid for the Property at FHLMC's foreclosure sale;

6. Enter a Judgment for Possession in favor of FHLMC upon the filing of its report of the foreclosure sale results.

7. For such other and further relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-4, By and through its counsel, |
| Dated: December 18, 2024 | /s/Brian C. Linehan, Esq.<br>Brian C. Linehan, Esq. (BBO #690437)<br>Reneau J. Longoria, Esq. (BBO# 635118)<br>Elizabeth W. Dailey, Esq. (BBO # 562178)<br>DOONAN, GRAVES & LONGORIA, LLC<br>100 Cummings Center, Suite 303C<br>Beverly, MA 01915<br>Tel. (978) 921-2670<br>bl@dgandl.com |

## VERIFICATION

STATE OF UTAH             )
COUNTY OF SALT LAKE       )

I, ~~Sherry Benight~~ Sherry Benight, being duly sworn, state:

I am a representative of Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-4, the above-named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

Select Portfolio Servicing, Inc. as Attorney in Fact

Date: 12/13/24       By: *Sherry Benight*
                     its: Document Control Officer

---

State of Utah            )
County of Salt Lake      )

\* Personally Known

On this __13__ day of December, 2024, before me, the undersigned notary public, personally appeared ✱Sherry Benight, Doc. Control Officer, who proved to me through satisfactory evidence of identification which was __N/A__ to be the person whose name is signed on the preceding or attached document, and acknowledged that they signed it voluntarily for its stated purpose.



ISAAC GARCIA
Notary Public State of Utah
My Commission Expires on:
September 06, 2027
Comm. Number: 733036

Name: Isaac Garcia
Notary Public
My Commission Expires: SEP 0 6 2027

---